Per Curiam.

Section 4931.31, Revised Code, which defendant is alleged to have violated on July 21, 1962, provides in pertinent part: “No person shall, while communicating with any other person over a telephone, [1] threaten to do bodily harm [2] or use or address to such other person any words or language of a lewd, lascivious, or indecent character, nature, or connotation for the sole purpose of annoying such other person; [3] nor shall any person telephone any other person repeatedly or cause any person to be telephoned repeatedly for the sole purpose of harassing or molesting such other person or his family.”
In criminal cases this court is not required to weigh the evidence. Section 2953.02, Revised Code. Ordinarily, it will not do so. However, it may examine the record to determine *387 whether the evidence produced attains that high degree of probative force and certainty which the law demands to support a conviction under the applicable criminal statute. State v. Urbaytis (1951), 156 Ohio St., 271; State v. Petro (1947), 148 Ohio St., 473; Atkins v. State (1926), 115 Ohio St., 542.
The record in this case has been examined to ascertain whether there is direct or circumstantial evidence, which shows that defendant telephoned ‘ ‘ any other person repeatedly * * * for the sole purpose of harassing or molesting such other person or his family”, which is conduct proscribed by Section 4931.31, Revised Code. In the opinion of the majority of this court, proof of only three telephone calls in July 1962, one of which was initiated by the complainant, which calls did not involve a threat of bodily harm or the use of lewd, lascivious, or indecent language, does not establish that defendant telephoned the complaining witness repeatedly for the sole purpose of harassing or molesting her or her family. Such being our view, it is unnecessary to consider the many constitutional and procedural questions raised by the defendant.

Judgment reversed.

Taft, Cj J., Zimmerman, Herbert and Gibson, JJ., concur.
Matthias, O’Neill and Griffith, JJ., dissent.